# Supreme Court of Texas

No. 21-0127

In re G.S.,
*Relator*

On Petition for Writ of Mandamus

JUSTICE LEHRMANN, concurring.

I agree with the Court that application of the Tim Cole Act's plain language forecloses G.S.'s entitlement to compensation. The Act provides a purely statutory cause of action, and "statutory proceedings are strictly governed by the statute of their creation." *Tex. Emp. Comm'n v. Int'l Union of Elec., Radio & Mach. Workers*, 352 S.W.2d 252, 254 (Tex. 1961). I write separately to express my concern that this statutory language will, in some cases, deny relief to the very people the Act was intended to compensate: those wrongfully imprisoned for crimes they did not commit. Perhaps it is worth the Legislature's revisiting some of the Act's language to avoid that result.

As the Court explains, the Act provides three methods by which a claimant may establish eligibility for compensation: (1) the claimant "has received a full pardon on the basis of innocence for the crime for which the person was sentenced"; (2) the claimant "has been granted

relief in accordance with a writ of habeas corpus that is based on a court finding or determination that the person is actually innocent of the crime for which the person was sentenced"; or (3) the trial court dismissed the charge against the claimant "based on a motion to dismiss in which the state's attorney states that no credible evidence exists that inculpates the defendant and . . . the state's attorney believes that the defendant is actually innocent of the crime for which the person was sentenced." TEX. CIV. PRAC. & REM. CODE § 103.001(a)(2)(A)–(C). The common thread among these methods is the claimant's innocence of the crime for which he was sentenced. However, the specific eligibility requirements strike me as creating the potential for the denial of compensation for two reasons unrelated to whether the claimant was wrongfully imprisoned for a crime for which he is innocent.

First, as this case demonstrates, timing can have a significant, if not dispositive, effect on eligibility. The order of the pertinent events is as follows:

- G.S. was sentenced to seven years' imprisonment after pleading guilty to indecency with a child.

- The Court of Criminal Appeals granted G.S.'s petition for writ of habeas corpus based on ineffective assistance of counsel, reversed his conviction, and remanded for a new trial.

- The district attorney received written declarations from individuals stating that G.S.'s alleged victim admitted to them that she had fabricated the accusations against him.

- The district attorney moved to dismiss the case "pending further investigation."

- Shortly thereafter, the alleged victim submitted a written declaration admitting that she had falsely accused G.S.

2

- On the district attorney's motion, the trial court expunged all records regarding G.S.'s arrest and conviction.

Because G.S. was granted habeas relief before any of the evidence of false accusations came to light, the relief was not "based on a court finding or determination that [G.S.] is actually innocent of the crime for which [he] was sentenced." *Id.* § 103.001(a)(2)(B). It stands to reason that had such evidence surfaced earlier, G.S. would have been entitled to habeas relief on actual-innocence grounds and thus eligible for compensation under the Tim Cole Act. Similarly, because the district attorney moved to dismiss before the definitive exculpatory evidence—the alleged victim's own admission of making false allegations—was received, the attorney did not make any statements in the motion regarding G.S.'s actual innocence. *Id.* § 103.001(a)(2)(C). Again, had the case not already been dismissed, it is likely that the district attorney would have filed a motion with the requisite statutory language regarding a lack of credible evidence and the attorney's belief of G.S.'s actual innocence. Indeed, the district attorney's moving to expunge all records of the arrest and conviction reinforces that likelihood. That G.S. is not eligible for compensation under the Tim Cole Act because he obtained habeas relief and dismissal too soon—even though the evidence now points overwhelmingly to his innocence—strikes me as counter to the Act's overarching purpose.

As the Court notes, the Comptroller has suggested that G.S. could still qualify for compensation by, among other things, "convincing the district attorney to file a motion to amend the trial court's dismissal order in which the district attorney satisfies the third eligibility requirement." *Ante* at 12 n.5. Assuming that is correct, it bears on my

3

second concern about the Act's language: a claimant's entitlement to compensation can hinge on the apparently unbridled discretion of the state's attorney to include, or not include, the requisite language in a motion to dismiss following receipt of exculpatory evidence.[1]  *See* TEX. CIV. PRAC. & REM. CODE § 103.001(a)(2)(C)(ii) (describing the third method of eligibility for compensation as being "based on a motion to dismiss in which the state's attorney states that no credible evidence exists that inculpates the defendant and . . . the state's attorney believes that the defendant is actually innocent of the crime for which the person was sentenced").  The state's attorney could have many reasons for declining to include such language, some legitimate and some improper. And I see no basis on which to conclude the district attorney here has acted based on questionable motives or for any other inappropriate reason; indeed, the district attorney moved to dismiss "pending further investigation" at a time when the case against G.S. was still being evaluated and, ultimately, moved to expunge all arrest and conviction records.  However, tying compensation eligibility to the state's attorney's exercise of discretion in this way could easily lead to the denial of compensation to a person who by all accounts should receive it.

For these reasons, the Legislature should consider amending the Act to address these concerns and to at least attempt to ensure that individuals who *should* be eligible for compensation under the Tim Cole

---

[1] The Comptroller's other suggestions for G.S.'s proving eligibility— petitioning the Legislature for a private bill or seeking an amendment to the Act—are similarly speculative.

4

Act *are* eligible.   With these additional thoughts, I join the Court's opinion and concur in the judgment.

Debra H. Lehrmann
Justice

**OPINION DELIVERED:** April 22, 2022